**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

HSBC BANK NEVADA, N.A.,

        Plaintiff,

vs.                                      Case No. 3:12-cv-1192-J-32MCR

BERNARD J. DEGEORGE, JR.,

        Defendant.

## ORDER

This case is before the Court on Plaintiff HSBC Bank's Motion to Remand and for Entitlement to Costs (Doc. 15). Plaintiff filed this action in the Fourth Judicial Circuit Court in and for Clay County, Florida seeking damages for an alleged breach of Defendant Bernard DeGeorge's credit card agreement. Doc. 2. Proceeding pro se, defendant filed a Notice of Removal (Doc. 1) to this Court asserting that federal jurisdiction is proper based upon diversity and the existence of federal questions.

The burden of establishing that federal jurisdiction is proper lies with the party seeking removal to federal court. Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1320 (11th Cir. 2001). Removal statutes are to be narrowly construed and uncertainties resolved in favor of remand. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941); Ludwig v. Liberty Mut. Fire Ins. Co., 2013 WL 2406320, at *3 (M.D.Fla. June 3, 2013). The Court has examined the removal documents and other evidence and determined that defendant has not established grounds for this Court to exercise its jurisdiction, and the motion to remand is due to be granted.

I. Diversity Jurisdiction

Title 28, United States Code, Section 1332 provides "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and there is diversity of citizenship among the parties. Ordinarily, "a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). The time for removal is limited, as "[a] case may not be removed under subsection (b)(3) on the basis conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). "If the notice of removal is filed more than one year from commencement of the action and the district court finds that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal, that finding shall be deemed bad faith . . . ." 28 U.S.C. § 1446(c)(3)(B).

A. Timeliness

Plaintiff filed its state court complaint against the defendant on September 24, 2009. Doc. 1 at 1. Because defendant did not file his Notice of Removal to this Court until October 30, 2012, Section 1332 cannot serve as the basis for removal absent a finding that plaintiff acted in bad faith. Defendant contends that "HSBC could have filed its case in Federal Court originally as it met the requirement for both diversity of citizenship and amount in controversy – though it filed its affidavit to support standing in bad faith, understating its compulsory

claims by more than $30,000.00." Doc. 1 at 10. However, for reasons explained more fully below, defendant has not shown, and the Court declines to find, any bad faith by plaintiff. The removal is therefore untimely and this Court cannot exercise diversity jurisdiction.[1]

B. Citizenship and Amount in Controversy

Importantly, even were this a timely removal, defendant still fails to establish the requisite basis for this Court to exercise diversity jurisdiction. Defendant's Notice of Removal identifies HSBC as a Nevada corporation and subsidiary of "multinational" HSBC Holdings, Inc., doc. 1 at 2, but fails to establish the jurisdictional amount. Section 1332 requires the amount in controversy to equal or exceed $75,000, <u>exclusive of interests and costs</u>. 28 U.S.C. § 1332 (emphasis added). Plaintiff's state court complaint alleging breach of contract identifies that defendant owes "$51,129.38 plus interest on the credit card account." Doc. 2 at 1. That claim does not meet the jurisdictional threshold.

Defendant counterclaims for damages in the amount of $125,000.00, arising out of plaintiff's alleged negligence, misrepresentation, intentional infliction of emotional distress, conspiracy, unlawful conversion, and unjust enrichment. Doc. 19. A defendant's counterclaim, even when seeking more than the jurisdictional amount, cannot serve as the basis for establishing the requisite amount in controversy for federal diversity jurisdiction.

---

[1] Defendant also claims it was only upon his receipt of the state court orders issued October 15, 2012, which memorialized the rulings made at the October 2, 2012 hearing, that it first became clear that federal questions were involved in this case. Doc. 1 at 2-3. Because defendant filed his Notice of Removal more than one year after the commencement of this action and the Court does not find bad faith, a more substantive discussion of why the October 15 orders were not documents that could support removal is not warranted; the Court has considered defendant's remaining arguments and determined they are without merit and do not support federal jurisdiction in this case.

See First Guar. Bank & Trust Co. v. Reeves, 86 F.Supp. 2d 1147, 1155 (M.D.Fla. 2000)("The weight of authority compels the conclusion that a federal district court may not consider a counterclaim when determining the amount in controversy in the removal context. The Court will consider only the allegations as stated in the complaint at the time of removal."); see also Plant Food Systems, Inc. v. Foliar Nutrients, Inc., 2012 WL 5387701, at *9 (M.D.Fla. Oct. 3, 2012)("Plaintiff has . . . valued its damages at $30,000 – well shy of the required amount in controversy. . . . Although the counterclaim purports to allege generally that the amount in controversy for Defendant's claims . . . exceeds $75,000, the amount in controversy with respect to the complaint is the object of the litigation from the Plaintiff's perspective, not Defendant's.")(citing Ericsson GE Mobile Commc'ns, Inc. v. Motorola Commc'ns, Inc., 120 F.3d 216, 219-20 (11th Cir. 1997)). Defendant's Notice of Removal was untimely and, even if it had been timely filed, fails to establish federal diversity jurisdiction.

II. Federal Question Jurisdiction

Defendant also asserts that federal questions are present in this case to support federal jurisdiction. 28 U.S.C. § 1441 provides for removal to federal court of pending state court actions if federal courts would have had original jurisdiction. "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Accordingly,

> [i]n order for this court to have original jurisdiction under 28 U.S.C. § 1441(b) the federal "right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of

4

> action." [Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 10-11 (1983)]. Where the plaintiff's claim is a wholly contained state cause of action, but supported by underlying federal statutory or constitutional law, then the well-pleaded complaint rule precludes federal jurisdiction.

Telecredit Service Center v. First National Bank of the Florida Keys, 679 F.Supp. 1101, 1105 (S.D.Fla. 1988)(emphasis added).

The plaintiff is "master of the claim" and can avoid invoking federal jurisdiction by pleading solely state law claims. Caterpillar, Inc., 482 U.S. at 392. While "a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint[,]" Franchise Tax Bd., 463 U.S. at 22, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 813 (1986). If the "'law that creates the cause of action' is state law, . . . original federal jurisdiction is unavailable unless it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims, or that one or the other claims is 'really' one of federal law." Franchise Tax Bd., 463 U.S. at 13.

HSBC filed a state law claim breach of contract claim for nonpayment in violation of the terms of defendant's credit card agreement. Nowhere in the complaint is federal jurisdiction expressly invoked nor does HSBC present a discernable federal question, let alone one that constitutes a "necessary element" of its claim. Defendant nonetheless asserts that federal jurisdiction is proper based upon the language of his credit card agreement, which reads in pertinent part

> [t]his Agreement and your Account shall be governed by, and interpreted under, federal law, including the Federal Arbitration Act, and the laws of the

> State of Nevada. . . . The legality, enforceability and interpretation of this Agreement and the amounts contracted for, charged and received under this Agreement will be governed by such laws. . . . Federal and Nevada law shall also apply to any controversy, claim or dispute arising from or relating in any way to the subject matter of this Agreement and/or your Account . . . .

Doc. 1-1 at 7-8.

That the credit card agreement merely states it is governed by federal law is not sufficient to invoke this Court's jurisdiction where plaintiff's complaint asserts only a state law cause of action and presents no federal question. See Merrell Dow v. Thompson, supra, at 813; Harkness v. Wells Fargo Home Mortg., Inc., 2011 WL 2634022, at *2 (W.D.Mich. July 5, 2011)("First, the mere fact that the complaint mentions the FCRA does not, in of itself, convert the complaint into a removable action. See, e.g., Pullen-Walker v. Roosevelt Univ., 405 F.App'x 46, 47-48 (7th Cir. 2010)(finding that a complaint alleging breach of contract, which happened to contain a passing reference to a federal statute, did not, by virtue of that fact alone, become removable); Barash v. Ford Motor Credit Corp., No. 06-CV-6497(JFB)(ARL), 2007 WL 1791656, at *4 (E.D.N.Y. June 20, 2007)(holding that, where the complaint seeks damages on the basis of state law, the mere mention of a federal claim or federal statute does not make the case removable). Absent complete preemption or application of the substantial-federal-question doctrine, neither of which apply here, the plaintiff is master of his claim and may avoid federal jurisdiction by relying exclusively on state law even where a federal claim is also available. Dunlap v. G & L Holding Grp., Inc., 381 F.3d 1285, 1290 (11th Cir. 2004)); Citibank South Dakota, N.A. v. Rutherford, 2005 WL 2239979, at *3 (E.D.Wash. Sept. 13, 2005)(granting plaintiff's motion to remand where complaint alleged only state law claims seeking $6,475.26 with interests and costs despite

plaintiff's reference to "Federal law" governing credit card agreement in separate motion); Citibank, N.A. v. Spartalian, 2012 WL 3096731, at *2 (D.Nev. June 13, 2012)("At the time of removal, plaintiff Citibank's complaint contained claims for (1) breach of credit card agreement and (2) unjust enrichment. Neither of these claims 'arise under' the Constitution, laws, or treaties of the United States.")(citation omitted); Levine v. Capital One Bank, 2010 WL 335597, at *2 (E.D.N.Y. Jan. 27, 2010)("Capital One alleged in its complaint that Levine has defaulted under the terms of his credit card agreement and owes it the outstanding balance on his account. Regardless of whether Capital One could have brought a federal claim against Levine, the test for determining subject matter jurisdiction is whether it did bring such a claim. Accordingly, as a federal question was not asserted by Capital One in its complaint, this Court does not have federal question jurisdiction over this case.")(emphasis in original)(citations omitted). As the Telecredit court explained, a state law cause of action, even if supported by federal law, precludes the exercise of federal subject matter jurisdiction because the "court must assume that a plaintiff who files a complaint in state court without alleging any foreign or federal law, submits himself to the laws of the state where filed." 679 F.Supp. at 1105, 1106.

Defendant also asserts violations of his due process rights in his counterclaim, but those similarly cannot serve as the basis for supporting federal jurisdiction:

> Allowing a counterclaim to establish "arising under" jurisdiction would also contravene the longstanding policies underlying [U.S. Supreme Court] precedents. First, since the plaintiff is "master of the complaint," the well-pleaded complaint rule enables him, "by eschewing claims based on federal law, . . . to have the cause heard in state court." Caterpillar, Inc., supra, at 398-99 . . . . Second, conferring [the] power [to remove a state claim by raising a federal counterclaim] would radically expand the class of removable cases,

7

> contrary to the "[d]ue regard for the rightful independence of state governments" that [Supreme Court] cases addressing removal require. See Shamrock Oil, [supra, at 109]. And finally, allowing responsive pleadings by the defendant to establish "arising under" jurisdiction would undermine the clarity and ease of administration of the well-pleaded-complaint doctrine, which serves as a "quick rule of thumb" for resolving jurisdictional conflicts.

Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826, 831-32 (2002). Put simply, "a counterclaim–which appears as part of the defendant's answer, not a part of the plaintiff's complaint–cannot serve as the basis for 'arising under' jurisdiction." Id. at 831. See also Atco Parts, Inc. v. Garrison, 2009 WL 1360887, at *2 (M.D.Fla. May 13, 2009)("Here, the Complaint does not establish federal question jurisdiction, because it states only state law causes of action and does not show that any 'substantial question of federal law' is necessary for the plaintiffs to obtain their requested relief. Defendants' [federal] claims arose not from the complaint in this case, but rather from Defendants' assertion of their counterclaim.").

Because HSBC's complaint asserts no federal question and seeks damages below the diversity jurisdictional threshold, and defendant's counterclaim cannot sustain federal jurisdiction, DeGeorge has failed to satisfy his burden of establishing federal subject matter jurisdiction. This case must therefore be remanded to state court.

Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's Motion to Remand and for Entitlement to Costs (Doc. 15) is **GRANTED IN PART**. The case will be remanded to the Fourth Judicial Circuit in and for Clay County,

Florida for all further proceedings.[2]

2. Defendant's Motion to Set Mandatory Date for Case Management Conference &/or Set Schedule & Motion for Clarification (Doc. 18) is **DENIED AS MOOT**.

3. The Clerk is directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 3rd day of September, 2013.

TIMOTHY J. CORRIGAN
United States District Judge

ab.
Copies:

counsel of record
pro se party

---

[2] Though a close call, the Court declines to award fees and costs, particularly in light of defendant's pro se status.